XAVIER BECERRA
Attorney General of California
NICKLAS A. AKERS (SBN 211222)
Senior Assistant Attorney General
MICHAEL E. ELISOFON (SBN 240707)
BERNARD A. ESKANDARI (SBN 244395)
Supervising Deputy Attorneys General
AMOS E. HARTSTON (SBN 186471)
STEVEN D. DE SALVO (SBN 199904)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Tel: (213) 269-6348
 Fax: (213) 897-4951
 Email: bernard.eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION, et al.,**<br><br>Defendants. | Case No. 17-cv-07106-SK<br><br>**CALIFORNIA'S OPPOSITION TO DEFENDANTS' MOTION TO STAY UPCOMING DEADLINES IN LIGHT OF LAPSE OF APPROPRIATIONS** |

The People of the State of California oppose the requested stay. The crux of this litigation, brought under the Administrative Procedure Act ("APA") against the U.S. Department of Education ("ED") and its Secretary, is the unreasonable delay and unlawful withholding of critical debt relief to tens of thousands of defrauded Corinthian borrowers in California. Further delay caused by the requested stay is neither necessary nor appropriate under the circumstances. A stay would only prejudice the interests of the State of California and compound the irreparable harms suffered by California's affected student-loan borrowers.

Attorneys for Defendants, citing 31 U.S.C. § 1342, assert that they are prohibited from working on this case, even on a voluntary basis, during the partial shutdown of the federal government. This is not so. The U.S. Department of Justice's "FY 2019 Contingency Plan" expressly authorizes the funding of civil litigation where a court does not grant a stay request and instead orders a case to proceed:

> [Civil l]itigators will continue to approach the courts and request that active cases . . . be postponed until funding is available. *If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.*

U.S. Department of Justice, "FY 2019 Contingency Plan" (Sept. 11, 2018) (emphasis added).[1]

Accordingly, if Defendants' stay request is denied, counsel will not be prohibited from working on this case, and Defendants will not be prejudiced. The proper legal framework for determining whether a stay is appropriate is the balancing test of *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Here, the equities tip sharply in favor of denying Defendants' stay request and allowing this case to proceed.

This Court has already begun denying nearly identical stay requests in other civil actions pending against the federal government.[2] The Court should do so again here.

## BALANCING OF FACTORS

The Court should weigh the factors provided in *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936), in exercising its discretion to deny a stay request: (1) "the possible damage which may result from the granting of a stay"; (2) the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citation omitted). Additionally, consideration of the public interest is often also relevant in determining

---

[1] Attached as Exhibit A to the Eskandari Declaration. This document is appropriate for judicial notice under Fed. R. Civ. P. 201.
[2] *See* Order Denying Motion to Stay Pretrial Deadlines, Pretrial Conference and Trial in Light of Lapse of Appropriations, *California v. Ross* (N.D. Cal. Case No. 18-cv-01865-RS) [Doc No. 122], attached as Exhibit B to the Eskandari Declaration. This document is appropriate for judicial notice under Fed. R. Civ. P. 201.

1   whether a stay is appropriate. *See, e,g.*, *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325

2   (9th Cir. 1995). Each of these factors strongly counsels in favor of denying the requested stay.

3          The first two *Landis* factors favor denying Defendants' stay request. California's interests

4   and those of its affected residents will be impaired if this case is stayed, particularly because at

5   issue in this case is California's challenge to Defendants' unreasonable delay. An order

6   authorizing this case to proceed, on the other hand, would not prejudice Defendants. Such an

7   order would instead constitute "express legal authorization" for Defendants' counsel to continue

8   litigating this case. Although they are required to request a stay, under the "FY 2019 Contingency

9   Plan," U.S. Department of Justice attorneys are not prohibited from working on this case if the

10  Court denies the stay request. Defendants do not and cannot assert hardship or inequity, if

11  required to go forward.

12         The third *Landis* factor, the orderly course of justice, also supports denying the stay

13  request. Defendants seek to stay this case "until Congress has restored appropriations to the [U.S.]

14  Department [of Justice]." It is unknown, however, how long this stay would last. Indeed,

15  President Trump recently stated that the "shutdown will last a very long time." Donald J. Trump

16  (@realDonaldTrump), Twitter (Dec. 21, 2018, 4:24 AM).[3] Currently pending before the Court is

17  a motion to dismiss that has been fully briefed since November 1, 2018, and set for hearing on

18  January 14, 2019. Defendants would have the Court take this hearing off-calendar in favor of

19  bringing this case—which has been pending for over a year—to an uncertain halt. Such stays are

20  disfavored. *See, e.g.*, *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490

21  F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of

22  court."). The orderly course of justice is served by denying Defendants' stay request.

23         The public interest further supports denial of the requested stay. "The public interest is

24  served when administrative agencies comply with their obligations under the APA." *N. Mariana*

25  *Islands v. United States*, 686 F. Supp. 2d 7, 21 (D.D.C. 2009). This is particularly true when a

---

26         [3] A screenshot of Mr. Trump's tweet is attached as Exhibit C to the Eskandari Declaration.
    This document is appropriate for judicial notice under Fed. R. Civ. P. 201. *See also, e.g.*, *Hawaii*
27  *v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir.) (taking judicial notice of Mr. Trump's tweets),
    vacated and remanded on other grounds, 138 S. Ct. 377 (2017).

28

3

1  sovereign State brings suit against the federal government. *See, e.g.*, *Town of Hallie v. City of Eau*

2  *Claire*, 471 U.S. 34, 45 (1985) ("arm of the State" may be presumed to be act in the public

3  interest). Hundreds of millions of dollars in federal student-loan relief are at stake in this

4  litigation, which California alleges that Defendants have unreasonably delayed and unlawfully

5  withheld, in addition to engaging in unlawful retroactive rulemaking, all in violation of the APA.

6  Any delay in reaching the merits of this case is unnecessary and inappropriate under the

7  circumstances.

8  **CONCLUSION**

9      For these reasons, the Court should deny Defendants' motion to stay this case.

10

11  Dated: December 26, 2018                         Respectfully submitted,

12

13                                       /s/ Bernard A. Eskandari
                                     BERNARD A. ESKANDARI

14                                       Supervising Deputy Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4