JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

MARCIA BERMAN
Assistant Branch Director

KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. Xavier Becerra, Attorney General of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and BETSY DEVOS, in her official capacity as Secretary of Education<br><br>Defendants. | No. 3:17-cv-7106-SK<br><br>**PARTIES' JOINT STATUS REPORT PURSUANT TO THE COURT'S ORDERS OF DECEMBER 14, 2018 AND JANUARY 11, 2019** |

The parties jointly submit this status report pursuant to the Court's Orders of December 14, 2018 (ECF No. 47) and January 11, 2019 (ECF No. 52).  In its December 14, 2018 Order, the Court asked the parties to advise the Court of the impact on the current litigation of a document issued by the Department of Education (the "Department") on December 13, 2018.  The Court stated that the document, titled "Closed School Discharge Changes," "appears to adopt a new position" and therefore ordered the parties to address the impact of the new position on the current litigation.

The parties are in agreement that the document (a December 13, 2018 Electronic Announcement) does not affect the pending motion to dismiss (ECF No. 42), and, thus, does not currently impact this case, and does not require any change to the current litigation schedule.

As the Department has explained, borrowers may apply for federal student loan relief through different processes.  Primarily, students who attended Corinthian Colleges, Inc. ("Corinthian") have utilized two potential avenues through which to seek student loan debt relief.  *See generally* Federal Student Aid ("FSA"), Information about Debt Relief for Corinthian Colleges Students, *available at* https://studentaid.ed.gov/sa/about/announcements/corinthian.  The first is applying for a "closed school discharge," generally available to Corinthian students who did not complete their program as a result of the school closing in April 2015.  *See id*. (noting that a closed school discharge is available to Corinthian students who did not complete their Corinthian program, who did not transfer their Corinthian credits to another school in a similar situation, and who were either attending a Corinthian program when the school closed or withdrew on or after June 20, 2014).  A Corinthian student can also seek student loan debt relief, regardless of whether they completed their Corinthian program or whether it closed, by asserting a borrower defense to repayment based on the school's misconduct.  *See id*.  Only the Department's borrower defense process is at issue in the instant litigation.

The December 13 announcement addressed the Department's closed school discharge process, and in particular announced steps that the Department is taking to implement the

"automatic closed school discharge" provisions of a regulation promulgated in 2016.[1] *See* FSA, Closed School Discharge Changes, *available at* https://ifap.ed.gov/eannouncements/121318ClosedSchoolDischargeChanges.html (Dec. 13, 2018). Under this new process, the Department is required to automatically discharge—without submission of an application—a borrower's federal student loans if, among other things, based upon information in the Department's possession, the Department determines that the borrower did not complete his or her program of study because the borrower's school closed and the borrower did not enroll at another Title IV-eligible school within three years of the date the borrower's prior school closed. *See*, *e.g.*, 34 C.F.R. § 685.214(c)(2)(ii). The December 13 announcement states that the Department has identified approximately 15,000 borrowers who are eligible for such an automatic closed school discharge. Some of these borrowers may also be eligible for debt relief under the Department's borrower defense regulations, which are at issue in this case, and the December 13 announcement notes that some of the borrowers it identifies had previously submitted requests for discharge of the same loans under the borrower defense to repayment provisions. Because an automatic closed school discharge results in the full discharge of the relevant loan, the Department further announced that it will close any pending borrower defense claim relating to a loan that has been discharged through the automatic closed school discharge process.

Not all students who submitted borrower defense claims, even where they attended Corinthian schools that closed, are eligible for a closed school discharge—automatic or otherwise. Rather, as noted above, that relief is available only to students who did not complete their program because their school closed. Students who attended Corinthian schools and *were* able to complete their programs of study are not entitled to closed school discharges; nor, as explained in the December 13 announcement, are students who attended Corinthian schools or who withdrew from

---

[1] The Department delayed implementation of these and other provisions, pending litigation challenging the regulations, and other regulatory actions. In fall 2018, the U.S. District Court for the District of Columbia vacated these delays, resulting in the "automatic closed school discharge" and other provisions of the 2016 regulations taking effect. *See Bauer et al. v. DeVos*, 332 F. Supp. 3d 181 (D.D.C. Sept. 17, 2018) (vacating delays but staying vacatur for 30 days).

Corinthian schools prior to June 20, 2014, based upon the Department's records.[2]  Thus, the five sample borrowers identified in ¶¶ 150-158 of Plaintiff's Amended Complaint (ECF No. 37) did not receive the closed school discharges discussed in the December 13 announcement.  Numerous other Corinthian students with pending borrower defense claims may also be eligible for borrower-defense relief, but not closed-school relief.

For these reasons, the parties do not believe that the December 13 announcement impacts the current litigation schedule.  The arguments submitted in connection with the pending Motion to Dismiss remain ripe for decision, and the parties are prepared to address those arguments at the hearing currently scheduled for February 25, 2019.

Dated: February 8, 2019                     Respectfully submitted,

                                          JOSEPH H. HUNT
                                        Assistant Attorney General

                                        MARCIA BERMAN
                                        Assistant Branch Director

*/s/ Karen S. Bloom*
KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney (VA # 89400)
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8098
Facsimile: (202) 616-8460
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

Dated:  February 8, 2019                    Respectfully submitted,

                                        XAVIER BECERRA
                                        Attorney General of California

*/s/ Bernard A. Eskandari*

---

[2] A borrower may still apply for a closed school discharge, even if he or she did not receive an automatic closed school discharge, if the borrower can demonstrate that he or she qualifies for the discharge.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BERNARD A. ESKANDARI
Deputy Attorney General

*Attorneys for the People of the State of California*