XAVIER BECERRA
Attorney General of California
NICKLAS A. AKERS (SBN 211222)
Senior Assistant Attorney General
BERNARD A. ESKANDARI (SBN 244395)
Supervising Deputy Attorneys General
AMOS E. HARTSTON (SBN 186471)
STEVEN D. DE SALVO (SBN 199904)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Tel: (213) 269-6348
 Fax: (213) 897-4951
 Email: bernard.eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,** | Case No. 17-cv-07106-SK |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: May 6, 2019 |
| **UNITED STATES DEPARTMENT OF EDUCATION, et al.,** | Time: 1:30 p.m.<br>Courtroom: A<br>Judge: Hon. Sallie Kim |
| Defendants. | |

The parties submit this joint case management statement in advance of the further case management conference scheduled for May 6, 2019. (Dkt. 57.)

On March 4, 2019, the Court granted in part and denied in part Defendants' motion to dismiss California's First Amended Complaint. (Dkt. 56.) On April 1, 2019, California gave notice that it would not be amending its complaint and that it intended to proceed with its surviving claims identified in the Court's March 4, 2019 Order. (Dkt. 58.)

The parties met and conferred about how this case should proceed but were unable to reach an agreement.

## I. CALIFORNIA'S POSITION

California does not believe that this case should be stayed and seeks a reasonable schedule for Defendants to answer and to submit an administrative record.

This case centers around the U.S. Department of Education's (ED) unreasonable delay and withholding of full loan relief to tens of thousands of federal student-loan borrowers defrauded by Corinthian Colleges. Numerous borrowers have been waiting more than three years for relief that ED promised them on an expedited basis. ED's failure to process Corinthian loan-discharge applications is presently harming borrowers as well as California's public colleges and universities. (*See* Dkts. 43-1–43-6.) This case has already been pending more than 16 months.

Defendants now seek further delay by proposing an indefinite stay pending resolution of an appeal in the related class action, *Calvillo Manriquez v. DeVos*, N.D. Cal. No. 17-cv-07210-SK. California opposes an indefinite stay and instead proposes the following schedule:

- June 3, 2019: Defendants serve and file an answer, together with a certified copy of an administrative record.
- July 1, 2019: The Court set a further case management conference, with a joint case management statement due one week before.

This schedule balances the desire for the two related cases to proceed close in time, while still providing California with an opportunity to expeditiously prosecute its case in the event that the *Calvillo Manriquez* appeal languishes.[1] Further scheduling issues could be addressed by the Court at the July conference.

Regardless of the outcome of the *Calvillo Manriquez* appeal, Defendants in this case must serve and file an answer, together with a certified copy of an administrative record. (See, e.g., Civil L.R. 16-5.) There is no reason to further delay these required filings. California's proposed schedule appropriately provides a reasonable window for the Ninth Circuit to reach a decision in the *Calvillo Manriquez* appeal; allows this case to begin to move forward; and permits the parties

---

[1] The *Calvillo Manriquez* appeal has already been pending now more than nine months. There is no date certain by which the Ninth Circuit must act. And when it finally does, ED has not disclaimed seeking en banc or U.S. Supreme Court review. Accordingly, it could take literally years to resolve the *Calvillo Manriquez* appeal.

1  and the Court to reevaluate in eight weeks whether it makes sense to continue to wait for
2  resolution in the *Calvillo Manriquez* appeal.

3  ED misapprehends the nature of the harm at issue in this case. California does not bring
4  suit only "based on the experiences of borrowers similarly situated to the *Manriquez* plaintiffs."
5  As found by this Court, ED's failure to process Corinthian borrower-defense application harms
6  "the financial wellbeing of the State and the mission of the State's system of public education—both
7  community colleges and universities—because . . . students cannot attend California's public colleges
8  and universities because their federal loan debt from attending Corinthian schools remains
9  undischarged." (Dkt. 56 at 10:18-23.) Accordingly, the fact that ED may be enjoined from engaging
10 in some collection efforts against Corinthian borrowers has no bearing on the harm that California
11 (through its public college and universities) will suffer if this case were stayed.

12 In addition, California's case differs from the *Calvillo Manriquez* class action in an
13 important way. California's case focusses on ED's unreasonable delay and withholding of a 2015
14 full-relief rule applicable to defrauded Corinthian borrowers, as well as the improper retroactive
15 application of any process or rule that provides these borrowers with less than promised, full
16 relief. The administrative record in California's case will necessarily be focused on ED's 2015
17 rule, irrespective of the outcome of a separate appeal or whether ED decides a new rule is
18 warranted in light of this Court's preliminary injunction.

19 A stay here would be an extraordinary remedy and would harm California's interests, as
20 this Court already found. As an initial matter, ED's stay request in a case-management statement
21 is itself improper. (*See, e.g.*, Fed. R. Civ. P. 7(b) ("A request for a court order must be made by
22 motion.")). In any event, as discussed, the preliminary-injunction issues on appeal in *Calvillo*
23 *Manriquez* do not directly impact this case, and a stay would not prevent the harm to California
24 and would not promote the orderly course of justice. Even assuming that the merit determinations
25 of this case should run in coordination with *Calvillo Manriquez* class action, there is no reason
26 why Defendants cannot answer California's complaint and submit an administrative record,
27 which would at least begin to move this case past the pleadings stage—a case that has been
28 pending for more than 16 months.

**II.     DEFENDANTS' POSITION**

Defendants respectfully submit that this case should be stayed pending resolution of the appeal in the related *Manriquez* class-action litigation.[2] The cases involve similar challenges to the Department of Education's method for adjudicating requests for student loan relief submitted by former students of Corinthian Colleges. The district court proceedings have been stayed in the related case, pending conclusion of the appeal. *See* No. 17-cv-07210-SK, 2018 WL 5316174 (N.D. Cal. Aug. 30, 2018) ("*Manriquez* Stay Order") (staying most upcoming deadlines in related case, including deadlines to answer the complaint and serve a certified copy of the Administrative Record). The proceedings here should be similarly stayed.

Plaintiff here acknowledges the importance of "provid[ing] a reasonable window for the Ninth Circuit to reach a decision in the *Calvillo Manriquez* appeal," as well as "the desire for the two related cases to proceed close in time." With good reason. The Ninth Circuit is considering issues, including whether the Department's adoption of the "Average Earnings Rule" was arbitrary and capricious, *see Manriquez v. DeVos*, No. 18-16375 (9th Cir. Feb. 19, 2019), Dkt. Entry No. 57 (requesting supplemental briefing on this issue), that directly impact the resolution of this case. The Ninth Circuit's ruling will provide guidance on these issues, and it would be inefficient to continue proceedings in this case without the benefit of it.

To achieve Plaintiff's acknowledged objectives and to gain the benefit of the Ninth Circuit's ruling before any further merits proceedings take place, the Court should stay all upcoming deadlines in this case. California will not be harmed by a stay, since the Court has already enjoined the Secretary from engaging in collection activity against the individuals (former Corinthian students in the relevant cohorts who submitted borrower defense applications) the State seeks to protect. *See Manriquez*, 345 F. Supp. 3d 1077 (N.D. Cal. May 25, 2018) (granting in part plaintiffs' motion for a preliminary injunction) ("*Manriquez* PI"). And any alleged harm to the State based on students with undischarged debt being unable to attend the State's public

---

[2] The instant filing responds to the Court's request for an updated case management statement, and Defendants' submission reflects their proposal for how the case should proceed. Defendants are prepared to submit additional briefing on whether a stay is appropriate, if the Court deems such briefing appropriate.

colleges and universities is unaffected by whether the Court grants Plaintiff's request for the Court to order Defendants to file an answer and serve the administrative record during the pendency of the *Manriquez* appeal, given the State's acknowledgment that regardless of when Defendants answer or serve the administrative record, this case should proceed on a similar schedule to the merits proceedings in *Manriquez*. Thus, there is no reason to require Defendants to file an answer or produce an administrative record during the pendency of the appeal, if merits briefing will not begin until after the Department has had time, after the appeal ends and with the benefit of the Ninth Circuit's ruling, to answer similar allegations and produce a record in the *Manriquez* case.

As in *Manriquez*, a stay here would promote the "orderly course of justice." *See Manriquez* Stay Order, 2018 WL 5316174 at *3. Defendants explained in connection with their motion to stay the *Manriquez* proceedings that the Department is continuing to assess its options for providing borrower defense relief to Corinthian borrowers in light of the Court's Privacy Act ruling. *See, e.g.*, *Manriquez*, 3:17-cv-07210-SK, ECF No. 87 (Reply in Support of Motion for Stay) at 3. If the Ninth Circuit affirms the Court's holding on the legal question of whether the Department's methodology violates the Privacy Act, and the Department were to then take any additional action to award relief to Corinthian borrowers, such action would likely require a new and different administrative record and an amended complaint, which would necessarily alter the nature of any responsive pleading. *Id*. And the Ninth Circuit's review of the *Manriquez* plaintiffs' arbitrary-and-capricious claim implicates this Court's determination that it could not, based on the materials before it, find that the so-called Corinthian Rule "existed in such a way that bound the Secretary." *See Manriquez* PI, 345 F. Supp. 3d at 1102. If this case proceeds, Defendants will have to address this issue (*i.e.*, the existence of a prior "rule") – for example, in their responsive pleading. Rather than having the parties and Court consider issues that could be determined imminently by the Ninth Circuit, the more prudent and efficient course is to wait for the Ninth Circuit's ruling.

Plaintiff offers no compelling reason for its contrary proposal. Plaintiff does not explain why the duration of this appeal is unusual. And even if the Court had concerns about the duration

of the *Manriquez* appeal, the Court could mitigate any risk from this by re-evaluating the stay should the need arise.  Plaintiff's argument that a stay "would harm California's interests" fares no better:  In *Manriquez*, the Court rejected plaintiffs' claim that a stay pending appeal would harm them, largely because the Court had preliminary enjoined the Secretary from engaging in collection efforts related to the plaintiffs' loans.  *See Manriquez* Stay Order, 2018 WL 5316174 at *2. California here brings suit based on the experiences of borrowers similarly situated to the *Manriquez* plaintiffs, and it is no more harmed by a stay  than the *Manriquez* plaintiffs would have been.  While California claims to also be harmed because students with undischarged debt are unable to attend the State's public colleges and universities, as explained above, Plaintiff's proposal would not mitigate this alleged harm.

     Defendants respectfully propose that the Court cancel the case management conference scheduled for May 6 and stay proceedings in this case pending resolution of the *Manriquez* appeal.  If the Court is inclined to hold the May 6 case management conference, Defendants respectfully request to appear telephonically.

/ / /

Dated: April 29, 2019            Respectfully submitted,

XAVIER BECERRA
Attorney General of California

/s/ Bernard A. Eskandari
BERNARD A. ESKANDARI
Supervising Deputy Attorney General

*Attorneys for the People of the State of California*


Dated: April 29, 2019            Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Karen S. Bloom
KAREN S. BLOOM
Senior Counsel
R. CHARLIE MERRITT
Trial Attorney
United States Department of Justice

*Attorneys for the Defendants*