1  JOSEPH H. HUNT
   Assistant Attorney General
2  DAVID L. ANDERSON
   Acting United States Attorney
3  MARCIA BERMAN
   Assistant Branch Director
4  KAREN S. BLOOM
   Senior Counsel
5  R. CHARLIE MERRITT
   Trial Attorney
6  U.S. Department of Justice
7  Civil Division, Federal Programs Branch
   919 East Main Street, Suite 1900
8  Richmond, VA 23219
   (202) 616-8098 (phone)
9  (804) 819-7417 (fax)
   E-mail: robert.c.merritt@usdoj.gov
10
11 *Attorneys for Defendants*

12

13                    **UNITED STATES DISTRICT COURT**
14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15
16  PEOPLE OF THE STATE OF CALIFORNIA          No.  3:17-cv-7106-SK
    ex rel. Xavier Becerra, Attorney General of
17  California,
18
19                              Plaintiff,       **DEFENDANTS' ANSWER TO
20        v.                                      PLAINTIFF'S FIRST AMENDED
                                                  COMPLAINT**
21  UNITED STATES DEPARTMENT OF
    EDUCATION and BETSY DEVOS, in her
22  official capacity as Secretary of Education
23
24                              Defendants.
25
26
27
28

Defendants United States Department of Education (the "Department") and Elisabeth DeVos, in her official capacity as Secretary of Education ("Secretary"), hereby answer Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief, ECF No. 37 ("FAC"). Defendants note that this Court's review in this action is limited solely to the administrative record, rather than the allegations of the parties in their respective pleadings. Defendants answer the number paragraphs of the FAC as follows:

1.      This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, denied.

2.      Defendants admit that in 2015 and 2016, the Department found that Corinthian Colleges, Inc. ("Corinthian") had systemically misrepresented the rates at which its graduates were employed (*i.e.*, its "job placement rates") across a number of its campuses nationwide. The Department published on its website lists of Corinthian campuses and academic programs covered by these findings, as well as the range of dates to which the findings apply at each program ("findings cohorts"). The Department also created "attestation forms," which allowed borrowers who attended Corinthian programs covered by the findings cohorts to apply for student loan debt relief under the Department's borrower defense regulation by providing certain information about the program they attended and their reliance on the program's representations regarding job placement rates. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that the "some 80,000 student borrowers nationwide—including more than 38,000 in California" were covered by the Department's findings. Defendants otherwise deny the allegations in this paragraph.

3.      As to the first sentence, Defendants admit that the Department created "attestation forms," which allowed borrowers who attended Corinthian programs covered by the job placement rate findings to apply for a borrower defense discharge by providing certain information about the program they attended and their reliance on the program's representations regarding job placement rates; otherwise denied. As to the second sentence, Defendants admit the Department encouraged Corinthian borrowers covered by the Department's job placement rate findings to apply for student loan debt relief under the Department's borrower defense

regulation.  Further, Defendants are aware that the California Attorney General's Office, some institutions of higher education, and other entities engaged in outreach efforts but lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the extent of those outreach efforts.  The third sentence is admitted.

4.      Insofar as the terms "abruptly halted" and "approving" are undefined and vague in this context, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence.  With respect to the second sentence, admit that Plaintiff filed its initial complaint in this case on December 14, 2017, and that on December 20, 2017, the Department announced an "improved discharge process for borrower defense to repayment [] claims."  *See* U.S. Department of Education, Improved Borrower Defense Discharge Process Press Release (December 20, 2017) ("December Press Release").[1]  Otherwise, denied.

5.      With respect to the first sentence, admit that on December 20, 2017, the Department announced an "improved discharge process for borrower defense to repayment [] claims, *see* December Press Release, pursuant to which the Department would afford borrower defense relief based on the harm Corinthian borrowers actually incurred as a result of their school's misconduct, measured by comparing the average earnings of graduates of Corinthian programs with the average earnings of completers of comparable programs that the Department determined met its "gainful employment" requirement.  The second sentence consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.  With respect to the third sentence, admit that the new discharge process applies to Corinthian borrowers who submitted claims prior to December 20, 2017.

6.      The first sentence consists of legal conclusions to which no response is required.  As to the second and third sentences, admit that tens of thousands of Corinthian students who submitted borrower defense applications have been waiting more than 18 months for adjudications of their applications, and that the backlog of borrower defense claims has grown since the FAC was filed.

---

[1] *See* https://www.ed.gov/news/press-releases/improved-borrower-defense-discharge-process-will-aid-defrauded-borrowers-protect-taxpayers.

7.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

8.    Admit that on May 25, 2018, this Court entered an Order in *Manriquez v. DeVos*, 3:17-cv-7210, granting in part and denying in part the plaintiffs' motion for a preliminary injunction "to prevent the Secretary from using" the discharge process announced in the December Press Release.  Defendants respectfully refer the Court to that Order for a full and accurate statement of its contents.  With respect to the second sentence, Defendants admit that, at the time Plaintiff filed its FAC on July 27, 2018, the Department was not issuing final decisions on borrower defense applications from students covered by the *Manriquez* preliminary injunction, pending the Ninth Circuit's decision on the Department's appeal of the Preliminary Injunction Order.  Otherwise, denied.

9.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny that the Department established or implemented a "rule" requiring it to provide "full debt relief" to Corinthian borrowers or that the Department violated the APA.

10.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

11.    This paragraph relates to claims that have been dismissed and thus no response is required

12.    This paragraph consists of legal conclusions to which no response is required.

13.    This paragraph consists of legal conclusions to which no response is required.

14.    This paragraph consists of legal conclusions to which no response is required.

15.    The first sentence consists of legal conclusions to which no response is required.  Defendants admit the second and third sentences.

16.    This paragraph consists of Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required.

17.    Admit.

18.    Admit.

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

19.     This paragraph consists of Plaintiff's characterization of the Higher Education Act ("HEA") and legal conclusions to which no response is required.

20.     The first three sentences of this paragraph consist of legal conclusions to which no response is required.  The fourth sentence is admitted.

21.     The first sentence is admitted.  Insofar as "the vast majority" is undefined and vague in this context, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.  The third and fourth sentences are admitted; Defendants respectfully refer the Court to the document cited in footnotes 1 and 2 of the FAC for a full and accurate statement of its contents.

22.     Insofar as "typically," "many," and "in many instances" are vague and undefined in this context, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23.     This paragraph consists of legal conclusions to which no response is required.

24.     This paragraph consists of legal conclusions to which no response is required.

25.     This paragraph consists of legal conclusions to which no response is required.

26.     This paragraph consists of legal conclusions to which no response is required.

27.     This paragraph consists of legal conclusions to which no response is required.

28.     The first sentence is admitted.  The second sentence consists of legal conclusions to which no response is required.

29.     This paragraph consists of legal conclusions to which no response is required.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence.  As to the second and third sentences, admit that Corinthian once operated more than 100 campuses, including more than 30 in California, and that it enrolled hundreds of thousands of students.  As to the fourth sentence, Defendants admit that Corinthian made representations to prospective students about the employment prospects associated with a Corinthian degree.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32.     Admit that the California Attorney General filed an enforcement action against Corinthian in October 2013, and that other states and federal agencies subsequently filed actions against Corinthian.  Defendants refer the Court to the cited documents for a full and accurate statement of their contents.

33.     Defendants admit that in November 2014, Corinthian agreed to sell 53 of its campuses.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

34.     As to the first sentence, Defendants admit that the Department issued a press release on April 14, 2015, cited in footnote 4 of the FAC, in which the Department concluded that it "has confirmed cases of misrepresentation of job placement rates to current and prospective students in Corinthian's Heald College system. The Department found 947 misstated placement rates and informed the company it is being fined about $30 million."  Defendants admit that the material quoted in the second sentence appears in the April 14, 2015 press release, and respectfully refer the Court to that press release for a full and accurate statement of its contents.

35.     Admit.

36.     Admit.

37.     Admit that default judgment was entered against Corinthian on March 23, 2016. Defendants respectfully refer the Court to the default judgment for a full and accurate statement of its contents.

38.     The first sentence consists of Plaintiff's characterization of a prior lawsuit to which no response is required; to the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this sentence.  As to the second, third, fourth, and fifth sentences, admit that the California Superior Court entered default judgment against Corinthian; Defendants respectfully refer to the Court to the default judgment for a full and accurate statement of its contents.

39.     This paragraph consists of legal conclusions to which no response is required.

40.     Admit that at the time that Corinthian declared bankruptcy, the Department's borrower defense regulation, 34 C.F.R. § 685.206(c), allowed student borrowers to "assert as a defense to repayment . . . any act or omission of the school attended by the by the student that would give rise to a cause of action against the school under applicable State law."

41.     As to the first sentence, admit that the quoted material appears in the document cited in footnote 5 of the FAC; Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.  The second sentence consists of legal conclusions to which no response is required.

42.     Defendants admit that the quoted material appears in the Department "Fact Sheet" cited in footnote 7 of the FAC.  Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

43.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that the Department "formulated and adopted" a "Corinthian Full-Relief Rule," as defined by Plaintiff, or determined that any borrower was "entitle[d]" to "full relief" or any other relief before receiving an attestation form from that borrower and adjudicating his or her claim.

44.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

45.     This paragraph consists of legal conclusions to which no response is required.

46.     This paragraph consists of legal conclusions to which no response is required.

47.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

48.     Defendants admit that the Department announced publicly its findings that Corinthian systematically misrepresented its job placement rates across a number of its campuses nationwide.  Defendants deny that the Department adopted a "Corinthian Full-Relief Rule," as defined by Plaintiff.

1    49.    Defendants admit that on June 8, 2015, the Department issued a press release

2    announcing its findings regarding Corinthian's misrepresented job placement rates.  Defendants

3    respectfully refer the Court to the cited press release for a full and accurate statement of its

4    contents, and deny that the Department adopted a "Corinthian Full-Relief Rule," as defined by

5    Plaintiff.

6    50.    Defendants admit that on November 17, 2015, the Department issued a press

7    release announcing additional findings regarding Corinthian's misrepresented job placement

8    rates.  Defendants respectfully refer the Court to the cited press release for a full and accurate

9    statement of its contents, and deny that the Department adopted a "Corinthian Full-Relief Rule,"

10   as defined by Plaintiff.

11   51.    Defendants admit that on March 25, 2016, the Department issued a press release

12   announcing additional findings regarding Corinthian's misrepresented job placement rates.

13   Defendants respectfully refer the Court to the cited press release for a full and accurate statement

14   of its contents, and deny that the Department adopted a "Corinthian Full-Relief Rule," as defined

15   by Plaintiff.

16   52.    The first sentence of this paragraph consists of legal conclusions to which no

17   response is required.  To the extent that a response is deemed required, Defendants deny that the

18   Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.  Defendants lack

19   knowledge or information sufficient to form a belief anout the truth of the allegations in the

20   second sentence.

21   53.    This paragraph consists of legal conclusions to which no response is required.  To

22   the extent that a response is deemed required, Defendants admit that the Department created

23   "attestation forms" allowing affected borrowers in Corinthian programs covered by the

24   Department's job placement rate findings to apply for a borrower defense loan discharge, and

25   respectfully refer the Court to the cited attestation forms for a full and accurate statement of their

26   contents.  Defendants deny that the Department established or "implement[ed]" a "Corinthian

27   Full-Relief Rule," as defined by Plaintiff.

28   54.    Admit.

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

55.     Defendants admit the first sentence of this paragraph.  The second sentence contains a legal conclusion to which no response is required.  To the extent that a response is deemed required, admit that the quoted material appears in the cited "request" to the Office of Management and Budget and respectfully refer the Court to that document for a full and accurate statement of its contents.

56.     This paragraph consists of legal conclusions and Plaintiff's characterization of the Special Master report cited in footnote 13 of the FAC to which no response is required. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

57.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

58.     Deny.

59.     Defendants admit that the quoted material appears in the Fact Sheet cited in footnote 14 of the FAC, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.  Defendants deny this paragraph to the extent it purports to allege an "example" of the "existence," "specifics," or "operation" of the "Corinthian Full-Relief Rule," as defined by Plaintiff.  *See* FAC ¶ 58.

60.     Defendants admit that the quoted material appears in the Special Master Report cited in footnotes 15 and 16 of the FAC, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

61.     Defendants admit that the quoted material appears in the Special Master Report cited in footnote 17 of the FAC, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

62.     Defendants admit that the quoted material appears in the Special Master Report cited in footnote 17 of the FAC, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

63.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the quoted material appears in the Office of Inspector General report cited in footnote 18 of the FAC and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

64.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants admit that the quoted material appears in the Department blog post cited in footnote 19 of the FAC, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

65.     Defendants admit that the Department sent decision letters to some approved Corinthian borrower defense claimants stating that the claimant's claim had met the requirements of a successful borrower defense claim, the claimant's federal student Direct Loans received for the programs of study related to those acts or omissions would be discharged, and that the claimant's servicer would be notified.  For other borrowers, servicers sent decision letters directly.  To the extent that a further response is deemed required, Defendants refer the Court to the cited document for a full and accurate statement of its contents.

66.     Defendants admit that loan servicers sent notices to borrowers whose loans had been discharged that contain the language quoted in this paragraph, and refer the Court to the cited document for a full and accurate statement of its contents.

67.     Defendants admit that the quoted material appears at the URL cited in footnote 22 of the FAC, and respectfully refer the Court to the cited website for a full and accurate statement of its contents.

68.     As to the first sentence, deny.  As to the second sentence, admit that between June 2015 and January 20, 2017, the Department approved 28,000 borrower-defense claims, discharged the full amount of each of the relevant loans, and refunded any amounts paid.

69.     Defendants admit that the Department has encouraged borrowers covered by the Department's Corinthian job placement rate findings to apply for student loan debt relief pursuant to the Department's borrower defense regulation, and lack knowledge or information sufficient to form a belief as to the truth of the allegations about the extent of the "outreach

efforts" of "the California Attorney General's Office, California's public colleges and universities, and others."  Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

70.  Defendants admit the Department possesses some of the information identified in the second sentence and that in 2016, pursuant to relevant legal protections, Defendants shared this data with the California Attorney General's office.  Further admit that the Department had agreements in place to share such data with 46 other states and the District of Columbia and did share such data with some, if not all, of those states.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that "outreach efforts" of the California Attorney General's Office, California's public colleges and universities, and others were aided by the Department's possessing this information, or that the states spent "significant" time and resources "paring down" this data.  Defendants admit the Department received from some of the states that it had agreements with, as discussed in the first sentence of this paragraph, the identities of specific students who attended programs covered by the Corinthian job placement rate findings. Otherwise, denied.

71.  As to the first sentence, Defendants admit that the Department has encouraged borrowers covered by the Department's Corinthian job placement rate findings to apply for student loan debt relief pursuant to the Department's borrower defense regulation, and deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.  As to the second and third sentences, admit.

72.  Insofar as it is unclear what document Plaintiff is quoting from in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

73.  Insofar as it is unclear what document Plaintiff is quoting from in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

74.     Defendants admit that the quoted materials appears in the press release cited in footnote 23 of the FAC, and respectfully refer the Court to that document for a full and accurate statement of its contents.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences.  As to the second sentence, Defendants are aware that a group of 47 states, including California, retained a settlement administrator, but otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

77.     Insofar as the term "eligible for relief" is vague in this context, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

78.     The paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

79.     As to the first sentence, Defendants admit that as of late 2015, the Department was considering borrower-defense claims from Corinthian students, and that it approved many borrower defense applications from Corinthian students.  As to the second sentence, admit that the Special Master issued a report on December 3, 2015 which noted that "1,312 borrower claims . . . qualified for BD relief" and that the Special Master had recommended that the Under Secretary of Education "authorize full relief (restitution of all amounts paid) for such loans." Defendants deny the remaining allegations in the second sentence and deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.  With respect to the third and fourth sentences, Defendants admit that the Under Secretary authorized the relief described in the Special Master Report cited in footnote 24 of the FAC and that California residents submitted 1,062 of the approved claims.  Defendants admit the allegations in the fifth sentence.  As to the sixth sentence, Defendants admit that the Special Master recommended approval of 3,787 borrower-defense claims brought by Corinthian students, and that in each of these cases the

student had all of his or her relevant loans discharged and was refunded any amounts paid to attend the Corinthian program, but deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.  Defendants otherwise deny the allegations in this paragraph.

80.     Admit.

81.     Defendants admit that the FSA Enforcement Office issued a report on borrower defense on October 28, 2016.  Defendants respectfully refer the Court to that report for a full and accurate statement of its contents.  Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff, and deny the allegation that borrower defense claims were approved "under the Corinthian Full-Relief Rule."

82.     Defendants admit that the Department made an announcement regarding its processing of borrower defense claims on January 13, 2017, and respectfully refer the Court to that announcement for a full and accurate statement of its contents.  Further admit that as of January 13, 2017, the Department had approved approximately 28,000 borrower defense claims filed by Corinthian students based on Corinthian's misleading job placement rates, and that, for these successful claimants, the Department discharged the relevant student loan debts and refunded any amounts paid to attend the Corinthian program.

83.     Defendants admit that prior to January 20, 2017, the Department discharged relevant student loan debts of, and refunded amounts paid to attend Corinthian programs to, Corinthian students who the Department could verify were covered by its findings regarding Corinthian's misleading job placement rates.  Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff, and deny the allegation that the Department's borrower defense relief determinations were made "[i]n accordance with the Corinthian Full-Relief Rule."

84.     Admit.

85.     Insofar as the terms "abruptly halted" and "approval" are undefined and vague in this context, Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in this sentence; otherwise admit that the Department did not finally approve any borrower defense claims between January 20, 2017 and December 20, 2017.

86.     Admit.

87.     Admit.

88.     Defendants admit that the quoted material appears in the document cited in footnote 31 and respectfully refer the Court to that document for a full and accurate statement of its contents.

89.     Admit.

90.     Defendants admit that the Department has data concerning the number of students who attended programs in the findings cohorts.  Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff, and deny any contention that any borrower is "eligible for discharge" under such a "Rule."

91.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

92.     Defendants admit that the Department received a letter, dated May 17, 2017, from five Senators and another letter, dated June 5, 2017 from certain state attorneys general. Defendants respectfully refer the Court to these letters for full and accurate statements of their contents.

93.     Defendants admit that the Department responded to the letters cited in paragraph 92 of the FAC, and respectfully refer the Court to those responses for full and accurate statements of their contents.

94.     Defendants admit that the quoted material appears in the Senate report cited in footnotes 32 and 33 of the FAC, and respectfully refer the Court to that document for a full and accurate statement of its contents.

95.     Insofar as the terms "broadly evinced support" and "hostility" are vague in this context, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence.  As to the remaining allegations in this paragraph, Defendants admit that the Department issued a press release on June 14, 2017 announcing a

1    "regulatory reset to protect students, taxpayers, [and] higher ed institutions," and respectfully

2    refer to the Court to that press release for a full and accurate statement of its contents.

3         96.    Defendants admit that the Secretary spoke at the "Mackinac Republican

4    Leadership Conference" on September 22, 2017.  Defendants respectfully refer the Court to that

5    speech for a full and accurate statement of its contents.

6         97.    Defendants admit that the Department published a notice of proposed rulemaking

7    and an interim final rule in the Federal Register on October 24, 2017, and respectfully refer the

8    Court to those documents, cited in footnotes 36 and 37 of the FAC, for a full and accurate

9    statement of their contents.

10        98.    As to the first sentence, Defendants admit that the quoted material appears in the

11   cited Office of Inspector General report; Defendants respectfully refer the Court to that

12   document for a full and accurate statement of its contents.  As to the second sentence, deny that

13   the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

14        99.    Defendants admit that California filed this action on December 14, 2017;

15   otherwise deny.

16        100.   Defendants admit that Plaintiff filed its original complaint on December 14, 2017

17   and that on December 20, 2017, the Department issued the press release cited in footnote 38 of

18   the FAC.  Defendants respectfully refer the Court to the cited press release for a full and accurate

19   statement of its contents.  Defendants deny that the Department established a "Corinthian Full-

20   Relief Rule," as defined by Plaintiff, and deny the allegation that the December 20, 2017 press

21   release "confirmed [the Department's] abandonment of the Corinthian Full-Relief Rule and

22   announced its replacement."

23        101.   Defendants admit that the Department issued the press release cited in footnote 38

24   of the FAC, and respectfully refer the Court to that document for a full and accurate statement of

25   its contents.

26        102.   As to the first sentence, Defendants admit that under the relief methodology

27   announced in the Department's December 20, 2017 press release, successful borrower defense

28   claimants who attended Corinthian programs at which the average earnings is 90-100% of the

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

average earnings at comparable programs that earned a passing score under the Department's gainful employment regulations will receive a 10% discharge of outstanding loans related to their borrower defense claim. Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff, or that any student "would have received" any measure of relief under such a "Rule." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

103.    This paragraph consists of legal conclusions to which no response is required.

104.    Defendants admit that the Department issued the cited memorandum and press release and respectfully refer the Court to those documents for a full and accurate statement of their contents.

105.    Defendants admit that in the December Press Release, the Department announced that it had "approved for discharge 12,900 pending claims submitted by former [Corinthian] students" under the process announced in that press release, and that "8,600 pending claims have been denied."

106.    This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, deny that the Department's application of the borrower defense relief methodology announced in the December 20, 2017 press release to borrowers with pending claims is retroactive. Further deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

107.    Defendants admit that this Court issued an Order on May 25, 2018 in *Manriquez v. DeVos*, 3:17-cv-7210 (N.D. Cal.). Defendants respectfully refer the Court to the cited Order for a full and accurate statement of its contents.

108.    As to the first sentence, Defendants admit that the Department did not issue any final decisions on borrower defense claims on December 14, 2017, the date Plaintiff filed its original complaint, or on July 28, 2018, the date Plaintiff filed its FAC; otherwise, deny. The second and sixth sentences consist of legal conclusions to which no response is required. To the extent that a response is deemed required, denied. The allegations in the third sentence are denied. The allegations in the fourth sentence are admitted. Regarding the fifth sentence,

Defendants deny that the "Partial-Relief Rule' was its "first and only step toward processing the backlog" but admit that the methodology announced in the December Press Release was enjoined by the Court.

109.    Defendants deny that the Department has engaged in any unlawful conduct that has harmed Corinthian borrowers.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent that a response is deemed required, deny.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent that a response is deemed required, deny that Defendants caused any of the "indirect effects" described in this paragraph.

112.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent that a response is deemed required, deny.

113.    Defendants lack knowledge or information sufficient to form a belief about truth of the allegations in this paragraph.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is deemed required, deny that the Department has "create[d] unnecessary disruption in the lives of students."

115.    This paragraph consists of legal conclusions to which no response is required.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence.  To the extent that a response is deemed required, deny.  The second and third sentences consists of legal conclusions to which no response is required.

117.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about whether the "further federal aid . . . would be available" to the hypothetical "students" referenced in this paragraph "if full relief were granted."

118.    This paragraph consists of Plaintiff's characterization of its First Amended Complaint to which no response is required.

119.    Defendants admit that interest accrues on the federal student loans of borrowers with pending borrower defense claims and that, in the December Press Release, the Department announced that it would apply a "credit to interest that accrues on loans starting one year after the borrower defense application is filed."

120.    Defendants admit that the loans of borrowers who have not submitted a borrower defense application, and who default on their federal student loans, are reported as defaulted to credit reporting agencies.  Defendants lack knowledge or information sufficient to form a belief about whether any hypothetical borrower's credit ratings are harmed by this practice.  The allegations regarding the Department "delay[ing]" or "withhold[ing]" the processing of claims are legal conclusions to which no response is required.  To the extent that a response is deemed required, deny.

121.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny.

122.    This paragraph consists of legal conclusions which no response is required.  To the extent that a response is deemed required, deny that the Department engaged in illegal activity that harmed California borrowers or "California's broader population."

123.    This paragraph consists of legal conclusions to which no response is required.

124.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

125.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

126.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny.

127.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences.  Defendants deny the characterization of the Department's actions in the third sentence and lack knowledge or information sufficient to

otherwise form a belief about the truth of the allegations in the third sentence.  Regarding the fourth sentence, deny that the Department created a "Corinthian Full-Relief Rule," as defined by Plaintiff, and Plaintiff's characterization of the effect such a "rule" would have.

128.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

129.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

130.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

131.   Defendants admit the first sentence.  As to the second sentence, admit that the federal government's role in regulating higher education has changed over time.

132.    Admit.

133.   Defendants lack knowledge or information sufficient to form a belief about the level of California's interests alleged in the first and third sentences.  The allegations in the second sentence are admitted.

134.   The first sentence consists of legal conclusions to which no response is required. The allegations in the second sentence are admitted.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence.

135.   This paragraph consists of legal conclusions to which no response is required.

136.   This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

137.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first clause; they deny the allegations in the second clause.

138.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, deny.

139.   Defendants deny that the Department has engaged in any unlawful conduct that has harmed Corinthian borrowers.

140.    This paragraph consists of legal conclusions to which no response is required.

141.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny.

142.    This paragraph consists of legal conclusions to which no response is required.

143.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

144.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

145.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

146.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

147.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

148.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

149.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny.

150.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

151.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

152.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

153.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

154.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

155.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

156.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

157.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

158.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

159.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

160.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

161.    This paragraph consists of legal conclusions to which no response is required.

162.    As to the first sentence, Defendants admit that the Department requested that the California Attorney General conduct outreach to borrowers covered by the Department's Corinthian job placement rate findings, but deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

163.    As to the third sentence, admit that the Department's partial discharge methodology was enjoined in May 2018.  Otherwise, the allegations in this paragraph are denied.

164.    Defendants admit that tens of thousands of borrower defense claims are currently pending, and that some claims have been pending for more than three years.

165.    As to the first sentence, admit that the Department did not make any final determinations on pending borrower defense claims on July 27, 2018, the date Plaintiff filed its First Amended Complaint.  As to the second sentence, deny.

166.    Defendants lack knowledge or information sufficient to form a belief as to what California "would not have" and "could have" done in the hypothetical scenarios described in this paragraph.

1    167.    This paragraph consists of legal conclusions to which no response is required.

2    168.    This paragraph consists of legal conclusions to which no response is required.  To

3    the extent a response is deemed required, denied.

4    169.    Defendants deny the allegations in the first sentence of this paragraph.  The

5    second and third sentences consists of legal conclusions to which no response is required.

6    170.    Deny.

7    171.    Defendants repeat and incorporate by reference their responses to all preceding

8    paragraphs.

9    172.    This paragraph consists of legal conclusions to which no response is required.

10   173.    This paragraph consists of legal conclusions to which no response is required.  To

11   the extent that a response is deemed required, denied.

12   174.    This paragraph consists of legal conclusions to which no response is required.  To

13   the extent that a response is deemed required, denied.

14   175.    This paragraph consists of legal conclusions to which no response is required.  To

15   the extent that a response is deemed required, admit that the Department has provided or

16   attempted to provide notice to students covered by its findings regarding Corinthian's misleading

17   job placement rates of their ability to seek loan relief under the Department's borrower defense

18   regulation.  Otherwise, denied.

19   176.    This paragraph consists of legal conclusions to which no response is required.  To

20   the extent that a response is deemed required, admit that tens of thousands of borrowers have

21   submitted borrower defense claims, and deny that the Department established a "Corinthian Full-

22   Relief Rule," as defined by Plaintiff.

23   177.    This paragraph consists of legal conclusions to which no response is required.  To

24   the extent that a response is deemed required, admit that before January 20, 2017, the

25   Department discharged relevant student loan debts of, and refunded amounts paid to attend

26   Corinthian programs to, approximately 28,000 Corinthian students.  Defendants deny that the

27   Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

28

178.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, admit that in December 2017, the Department announced a partial discharge methodology, pursuant to which some borrower defense claimants would receive discharges of less than 100% of their loans taken to attend programs covered by the Department's Corinthian job placement rate findings.  Otherwise, denied.

179.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

180.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

181.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

182.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

183.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

184.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

185.    This paragraph consists of legal conclusions and a request for relief to which no response is required.  To the extent that a response is deemed required, denied.

186.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

187.    This paragraph consists of legal conclusions to which no response is required.

188.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

189.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

190.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny that the Department established or "implement[ed]" a "Corinthian Full-Relief Rule," as defined by Plaintiff.

191.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, admit that before January 20, 2017, the Department discharged relevant student loan debts of, and refunded amounts paid to attend Corinthian programs to, approximately 28,000 Corinthian students.  To the extent the "procedures" referenced in this paragraph refer to Plaintiff's allegations in paragraph 190 of the FAC that the Department "established streamlined procedures" "[t]o implement the Corinthian Full-Relief Rule," Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

192.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

193.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, admit that tens of thousands of borrower defense claims submitted by Corinthian students are currently pending and that new claims continue to be filed, but deny that the Department has "already determined" that any student who has submitted a currently pending claim is entitled to "expedited, full relief."

194.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

195.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

196.    Defendants refer the Court to their responses to paragraphs 58-67 of the FAC, *supra*, which respond to Plaintiff's allegations concerning "widely disseminated public statements by ED."

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

197.    Admit that tens of thousands of Corinthian students who submitted borrower defense applications have been waiting more than 18 months for final adjudication of their claims.

198.    This paragraph consists of legal conclusions to which no response is required.

199.    Defendants admit that the FSA Borrower Defense Unit estimated, in October 2016, that it would resolve pending eligible borrower defense claims based upon the Department's job placement rate findings for Corinthian students by spring 2017 and that claims remained pending as of spring 2017 and currently.  Otherwise, denied.

200.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

201.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

202.    This paragraph consists of legal conclusions and a request for relief to which no response is required.  To the extent that a response is deemed required, denied.

203.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

204.    This paragraph consists of legal conclusions to which no response is required.

205.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

206.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

207.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

208.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, admit that before January 20, 2017, the Department discharged relevant student loan debts of, and refunded amounts paid to attend Corinthian programs to, approximately 28,000 Corinthian students.  Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

209.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

210.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, denied.

211.    This paragraph consists of legal conclusions and a request for relief to which no response is required.  To the extent that a response is deemed required, denied.

212.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

213.    This paragraph consists of legal conclusions to which no response is required.

214.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, admit that before January 20, 2017, the Department discharged relevant student loan debts of, and refunded amounts paid to attend Corinthian programs to, approximately 28,000 Corinthian students.  Defendants deny that the Department established a "Corinthian Full-Relief Rule," as defined by Plaintiff.

215.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, admit that in December 2017, the Department announced a partial discharge methodology, pursuant to which some borrower defense claimants would receive discharges of less than 100% of their loans taken to attend programs covered by the Department's Corinthian job placement rate findings.  Otherwise, denied.

216.    Admit that the new discharge process announced in the December Press Release applies to borrowers covered by the Department's Corinthian job placement rate findings.

217.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

218.    This paragraph consists of legal conclusions and a request for relief to which no response is required.  To the extent that a response is deemed required, denied.

219-230.        These paragraphs relate to claims that have been dismissed and thus no response is required.

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK

The remaining unnumbered paragraphs in the FAC contain a request for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief.

THEREFORE, having fully answered, Defendants assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper. Each and every allegation of the FAC not heretofore expressly admitted or denied is hereby denied.

DATED:  July 8, 2019                                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
KAREN S. BLOOM
Senior Counsel (DC Bar No. 499425)
R. CHARLIE MERRITT
Trial Attorney (VA Bar No. 89400)
U.S. Department of Justice
Civil Division, Federal Programs Branch
919 East Main Street, Suite 1900
Richmond, VA 23219
(202) 616-8098 (phone)
(804) 819-7417 (fax)
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

Defendants' Answer to Plaintiff's First Amended Complaint
3:17-cv-7106-SK