UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>    Defendants. | Case No. 17-cv-07106-SK<br><br>**AMENDED ORDER REQUIRING PRODUCTION OF DOCUMENTS FOR IN CAMERA REVIEW AND PRIVILEGE LOG**<br><br>Regarding Docket No. 66 |

The Court is currently considering Plaintiff's motion to require Defendants to complete the administrative record in this case. (Dkt. 66.) Plaintiff has identified eight specific documents upon which Defendants allegedly relied in their decisionmaking but that Defendants omitted from the administrative record. (*Id.* at 11-14.) For the reasons set forth below, the Court HEREBY ORDERS that Defendants produce the eight documents described by Plaintiff for *in camera* review no later than October 25, 2019. The Court simultaneously ORDERS that Defendants produce a complete privilege log covering both the eight specific documents and the entire administrative record no later than October 25, 2019.

**A.**    *In Camera* **Review.**

Plaintiffs have shown a clear possibility that the eight documents referenced were considered as part of the agency's decisionmaking process regarding the borrower defenses and thus should presumptively form part of the administrative record. "The Supreme Court has never defined 'the whole record' in the context of informal agency action." *Regents of the University of California, et al. v. United States Department of Homeland Security, et al.*, 2018 WL 1210551, at *2 (N.D. Cal. Mar. 8, 2018). It is clear, however, that the whole record is not limited to documents that the agency has submitted as the administrative record. *Thompson v. U.S. Dep't of*

*Labor*, 885 F.2d 551, 555 (9th Cir. 1989).  Rather, the whole record "consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* (citation omitted).  This may include both documents literally reviewed by the final agency decisionmaker, "as well as those considered and relied on by subordinates who provided recommendations to the decisionmaker." *Regents*, 2018 WL 1210551 at *2 (citation omitted).  The administrative record submitted by an agency is generally entitled to a presumption of completeness.  *Cook Inletkeeper v. U.S. E.P.A.*, 400 Fed. App'x 239, 240 (9th Cir. 2010).  However, where "plaintiffs have shown, by clear evidence, that the administrative record lacks documents that were considered, directly or indirectly" during agency review, courts may order that the agency add the relevant excluded documents to the record.  *Regents*, 2018 WL 1210551 at *2.  Here, Plaintiffs point to eight documents identified in a report by the Department of Education's Office of the Inspector General which provides a comprehensive overview of the Department of Education's borrower forgiveness policy and procedure.  The documents include six legal memoranda, a borrower defense claims review protocol, and a final plan for corrective action.  Although the Inspector General is not the arbiter of the administrative record, it appears that the documents are likely relevant to the issues presented here.

However, there remains the possibility that, though relevant, the documents could be subject to privilege.  In the administrative law context, an agency might claim either attorney client or deliberative process privilege.  *Lockyer v. Department of Agriculture*, 2006 WL 708914, at *4 (N.D. Cal. Mar. 16, 2006) (internal agency deliberative materials protectable); *Our Children's Earth Foundation v. National Marine Fisheries Service*, 85 F. Supp. 3d 1074, 1086-87 (N.D. Cal. 2015) (attorney client privilege may extend to agencies).  Defendants argue that not only are these documents excluded from the administrative record, either the attorney client or the agency deliberative process privilege protects these documents from disclosure.  Courts frequently review documents *in camera* where privilege is contested.  *See, e.g.*, *Genentech, Inc. v. Insmed Inc.*, 234 F.R.D. 667, 671 (N.D. Cal. 2006) (noting that "in camera review provides a significant procedural safeguard" for privilege); *Center for Biological Diversity v. Bureau of Land Management*, 2007 WL 3049869 (N.D. Cal. Oct. 18, 2007) (undertaking *in camera* review where privilege contested).

Based on Plaintiff's description of the documents, the Court deems there to be a significant likelihood that the documents were considered in the agency's decision and would naturally form part of the administrative record in this matter. As a procedural safeguard, the Court therefore wishes to review all eight documents *in camera* while making its decision on the motion. Accordingly, Defendants shall produce all eight documents to the court for *in camera* review no later than October 25, 2019, along with a designation of the type of privilege Defendants assert.

**B.      Privilege Log.**

Agency assertions of privilege must be reviewable by courts and counterparties, and the production of a privilege log is essential for such review. The Court ORDERS Defendants to produce a privilege log for the entire administrative record clearly explaining the nature of each document withheld from the record and which privilege is asserted for each document withheld from the record. Defendants contend that that agencies generally need not provide a privilege log because of the twin presumptions of completeness and of privileged documents being exempt from production. The Court disagrees. "Every court in this district to consider the issue […] has required administrative agencies to provide a privilege log in withholding documents that otherwise belong in the administrative record." *Regents*, 2018 WL 1210551 at *6. The *Regents* court expressed the problem with allowing agencies to forgo a privilege log in compiling the administrative record:

> As a practical matter, if agencies were permitted to withhold materials from the administrative record on the basis of privilege, but were not required to submit a privilege log, their withholding based on privilege would never surface and would wholly evade review. This would invite all manner of mischief.

*Regents*, 2018 WL 1210551 at *6. Defendants have already demonstrated through their conduct in defying the Court's injunction in related case 17-07210 that they are, indeed, up to all manner of mischief. Given the omitted documents and the general conduct of Defendants, the Court is concerned that, as was true in *Gill*, Defendants' submission is facially deficient and the presumption of completeness has been rebutted. *Gill v. Department of Justice*, 2015 WL 9258075, at * 6 (N.D. Cal. Dec. 18, 2015) (ordering completion of the administrative record and production of a privilege log where, "[d]espite having provided a certification that suggests

3

noncompliance with the standard according to which an administrative record should be compiled, Defendants nonetheless claim that the administrative record they provided is adequate" and resist providing a privilege log).  A privilege log is necessary for both the Court and the parties to assess whether Defendants have provided a complete administrative record in this case.

The Court is similarly concerned that some of the documents Defendants claim are privileged have already been released to the public.  In its briefing, Plaintiff indicates that at least two of the documents for which Defendants claim privilege have already been publicly released pursuant to Freedom of Information Act ("FOIA") requests.  To the extent that is true, the Court notes that any claim of privilege is waived.  *See In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012) (observing that "voluntarily disclosing privileged documents to third parties will generally destroy the privilege").  Alongside each entry on the privilege log, Defendants must indicate whether each document has already been provided to the public pursuant to FOIA request(s).

**IT IS SO ORDERED**.

Dated: October 11, 2019

_____
SALLIE KIM
United States Magistrate Judge