JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (202) 514-4964
Fax: (804) 819-7417
E-mail: robert.c.merritt@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. Xavier Becerra, Attorney General of California,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and BETSY DEVOS, in her official capacity as Secretary of Education<br><br>Defendants. | No. 3:17-cv-7106-SK<br><br>**JOINT SCHEDULING PROPOSAL** |

On October 8, 2019, the Court entered an Order directing the parties to meet and confer and "submit a joint scheduling proposal no later than October 21, 2019." Order, ECF No. 78 ("October 8 Order"). In the October 8 Order, the Court permitted the parties to propose two schedules, "one assuming the Court finds that the administrative record is already complete, and one assuming that the Court finds that the administrative record is incomplete." October 8 Order.

The parties have met and conferred and were unable to reach agreement regarding the two alternative schedules, conditioned on whether the Court orders additional completion of the administrative record. Accordingly, the parties set forth their respective scheduling proposals below.

**I.     Plaintiffs' Proposal**

<u>If the Court finds that the administrative record is complete</u>: Plaintiff has informed Defendants that they would agree to no more than a two-week extension—from October 25, 2019, to November 8, 2019—of the Court's deadline to produce a privilege log. Counsel in the related *Manriquez* case endorses Plaintiff's position and agrees that it is consistent with putting both related cases on the same scheduling track.

Plaintiff opposes any greater extension of time, for the reasons set forth in Plaintiff's opposition to Defendants' motion to extend the October 25, 2019, deadline. *See* California's Opposition to Motion to Extend, to be filed on October 21, 2019. In short, Defendants' motion to extend the deadline another 77 days does not meet the requirements of Civil Local Rule 6-3, demonstrates their lack of diligence, and will further delay reaching the merits of this case, which has been pending for almost two years, to the prejudice of Plaintiff. As Plaintiff points out in its brief, Defendants' proffered reason for needing more time—to review approximately 54,000 documents, because they do not know why the documents were excluded from the administrative record in the first place—only underscores the irregularity of the agency's initial record search and review. This disclosure therefore provides further justification for an order requiring Defendants to complete the record. Plaintiff believes a two-week extension (to November 8, 2019) for Defendants to produce the privilege log is reasonable.

Plaintiff agrees that any motion challenging Defendant's privilege assertions or any motion regarding in camera review should be filed within 21 days of the Department's production of the privilege log.

<u>If the Court finds that the administrative record is incomplete</u>: Plaintiff respectfully submits that Defendants should be given no more than six weeks (42 days) after the issuance of the Court's order to complete the administrative record and provide an expanded privilege log. Counsel in the related *Manriquez* case has informed Plaintiff that it endorses Plaintiff's position and agrees that it is consistent with putting both related cases on the same scheduling track.

Plaintiff's proposed timeline of no more than six weeks is triggered by the issuance of the Court's completion order. This is a reasonable means to ensure an expeditious and timely production of the completed administrative record and an expanded privilege log. Defendants, in contrast, request a due date six weeks after their proposed January 10, 2020, date for producing a privilege log for the current administrative record. Accordingly, Defendants' proposal anticipates a deadline of February 27, 2020 for the expanded administrative record—more than four months away from today's date. Defendants contend they need this extra time to review 54,000 documents – and because "any effort" to further complete the record would be "in addition" to their efforts on the pending privilege log. To the extent Defendants suggest they would duplicate efforts, Plaintiff respectfully submits that any review of the 54,000 documents be done once, and that allotting separate reviews for the pending log and an expanded record would be wasteful.[1]

---

[1] While claiming that six weeks would be necessary to search and produce additional documents, Defendants at the same time contend they already have produced all documents directly or indirectly considered by the agency in its "discharge decisions." In limiting the central agency question to case-by-case adjudications, Defendants, as in their prior certifications, necessarily elude their obligation to include documents bearing on the agency's broader decision to abandon and replace its full-relief policy. Plaintiff respectfully submits that Defendants' position that they would have nothing else to add to the record is untenable and contradicted by Northern District of California authority. *See Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. 17-05211, 2017 WL 4642324, at *4 (N.D. Cal. Oct. 17, 2017) ("It is simply not plausible that [the agency] reversed policy . . . without having generated any materials analyzing . . . factors militating in favor of and against the switch in policy.").

Joint Scheduling Proposal
3:17-cv-7106-SK

Plaintiff agrees that any motion challenging the Department's privilege assertions or any motion regarding in camera review should be filed within 21 days of the Department's production of a privilege log that is part of an expanded and completed administrative record.

## II.     Defendants' Proposal

<u>If the Court finds that the administrative record is complete</u>:  On October 11, the Court entered an order requiring, among other things, that Defendants produce a privilege log for the entire administrative record by October 25, 2019.  Amended Order at 1, ECF No. 81.  For the reasons explained in Defendants' motion to extend that deadline, Defendants need significantly more time in order to produce such a privilege log.  *See* Motion to Extend, ECF No. 85 ("Extension Motion").  In short, the Department must conduct some level of review of the approximately 54,000 documents it collected when compiling the administrative record, determine which documents were excluded on the basis of privilege (as opposed to the basis that they were not considered, directly or indirectly, by the relevant decisionmaker), and log each privileged document by explaining, per the Court's Amended Order, the nature of each document, which privilege is asserted, and whether each document has been produced in response to a FOIA request. *Id.* at 3-4.  Consistent with their extension request, Defendants respectfully submit that they be given until January 10, 2020 to produce a privilege log covering the Department's entire administrative record, assuming the Court does not order the Department to complete the record in any way.

The parties agree that Plaintiff will then file any motion challenging the Department's privilege assertions within 21 days of the Department's production of the privilege log.

<u>If the Court finds that the administrative record is incomplete</u>:  Regardless of whether the Court orders the Department to complete the administrative record, the Department needs until January 10 to complete all the work necessary to produce a privilege log for the record that it had produced in this case.  If the Court orders the Department to complete the record in some fashion, such as by requiring additional searches, the Department will need additional time to conduct whatever work is required by the Court's completion order, including the logging of any additional documents on an expanded privilege log.  Because the Department has already performed

extensive searches and collected a significant volume of documents in compiling the administrative record for the related cases, it is hopeful that significant additional searches will not be necessary in response to any order to complete the record. The Department will, however, need to review the volume of documents it has already collected (more than 54,000), *see* Extension Motion at 3, both for privilege in order to produce a privilege log and for responsiveness to any further order from the Court. Thus, any effort to respond to an order requiring completion of the administrative record would necessarily be in addition to the efforts that are already underway to produce a privilege log for the record that has been certified. To allow the Department sufficient time to complete this process, Defendants respectfully submit that the Department be given an additional six weeks, until February 21, to produce a "complete" administrative record and privilege log based on any further Court order. Defendants believe the parties and the Court can revisit the propriety of that date as necessary if and when the Court orders the record to be completed.[2]

The parties agree that Plaintiff will file any motion challenging the Department's privilege assertions within 21 days of the Department's production of a privilege log for any expanded administrative record ordered by the Court.

DATED: October 21, 2019                    Respectfully submitted,

                                           XAVIER BECERRA
                                           Attorney General

---

[2] Defendants note that it is difficult to predict, at this time, what further work may be required in response to an order requiring completion of the record. If all that is required is that the Department "include the eight documents referred to in California's Motion," *see* Proposed Order at 2, ECF No. 66-5, the Department could certainly perform that task expeditiously. California also asks, however, for an order requiring the Department to "revisit and complete the administrative record, including searching for all documents and materials directly or indirectly considered by the U.S. Department of Education in making the decision to abandon and replace its full-relief methodology for defrauded Corinthian borrowers." *Id*. at 1-2. As Defendants have explained, the Department included the documents that were considered, directly or indirectly, in making "full-relief" discharge decisions and in adopting the partial relief methodology that Plaintiff alleges "abandoned" the "rule" requiring full relief, *see* Defs.' Opp'n at 2-4, 17-18, ECF No. 72. Defendants thus believe that they have produced a complete administrative record and would need further guidance from the Court to "complete" the record in the manner Plaintiff requests.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Steven De Salvo*
STEVEN DE SALVO
Deputy Attorney General

Attorneys for the People of the State of California

*Counsel for Plaintiff*

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar # 89400)
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
919 East Main Street, Suite 1900
Richmond, VA 1900
(202) 616-8098 (phone)
(804) 819-7417 (fax)
robert.c.merritt@usdoj.gov

*Counsel for Defendants*

Joint Scheduling Proposal
3:17-cv-7106-SK