XAVIER BECERRA
Attorney General of California
NICKLAS A. AKERS (SBN 211222)
Senior Assistant Attorney General
BERNARD A. ESKANDARI (SBN 244395)
Supervising Deputy Attorney General
AMOS E. HARTSTON (SBN 186471)
STEVEN D. DE SALVO (SBN 199904)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Tel: (213) 269-6348
 Fax: (213) 897-4951
 Email: bernard.eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION, et al.,**<br><br>Defendants. | Case No. 17-cv-07106-SK<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF THE DECEMBER 27, 2019 ORDER**<br><br>[No hearing required under Civil L.R. 7-9(d)] |

**OPPOSITION**

The U.S. Department of Education and Secretary DeVos (collectively, "ED") have not acted with reasonable diligence in seeking leave of court to file a motion for partial reconsideration of the Court's December 27, 2019 order (Dkt. 105), nor does ED meet any of the other specific requirements of Civil L.R. 7-9. Accordingly, California respectfully opposes ED's request for leave to file a motion for partial reconsideration.[1]

---

[1] "Motions for reconsideration are disfavored and should not be granted, absent highly unusual circumstances . . . ." *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155,
(continued…)

1

## I.  ED HAS NOT SPECIFICALLY SHOWN REASONABLE DILIGENCE

Under Civil L.R. 7-9(b), a party seeking leave to file a motion for reconsideration "must specifically show reasonable diligence in bringing the motion . . . ." The issues ED now raises would have been immediately apparent to ED when the Court entered its December 27, 2019 order—and ED does not contend otherwise. By waiting more than seven weeks to bring its motion for leave, ED did not act with reasonable diligence. *See York v. Bank of Am.*, No. 14-02471, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (denying motion seeking leave under Civil L.R. 7-9 that was filed 35 days after Court's order as a "lengthy delay" and a "stale filing"); *Largan Precision v. Genius Elec. Optical*, No. 13-02502, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015) (delay of over four weeks did not constitute reasonable diligence); *Bautista v. Valero Mktg. & Supply*, No. 15-C05557, 2016 WL 6822024, at *1 (N.D. Cal. Nov. 18, 2016) (waiting two months does not constitute reasonable diligence); *cf.* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

ED claims that it was surprised by the Court's consideration of whether the documents submitted for *in camera* review were subject to the deliberative-process privilege, the attorney-client privilege, or the work-product doctrine (and, to the extent any of these protections applied, if they had been overcome or waived). Of course, that was the very purpose of the Court's *in camera* review, which the Court ordered more than four months ago. Nevertheless, even if ED believed that it did not have a fair opportunity to present arguments about privilege and waiver in advance of the Court's December 27, 2019 order, ED was required to seek leave promptly. It did not.

ED's lack of diligence is well documented. In the parties' January 27, 2020 Joint Status Report, filed more than four weeks after the Court's order, ED stated that "[it] [is] still

---

(…continued)
1163 (N.D. Cal. 2019) (citation and quotation marks omitted). Under Civil L.R. 7-9(a), the Court acts as gatekeeper, thereby "lessen[ing] the likelihood that parties will . . . opportunistically move the Court to reconsider any order that it disagrees with, needlessly impeding the progress of the case and unduly burdening opposing parties and the Court." *Nidec Corp. v. Victor Co. of Japan*, No. 05-0686, 2007 WL 4108092, at *4 (N.D. Cal. Nov. 16, 2007).

2

Opposition to Motion for Leave to File Motion for Partial Reconsideration of the Court's December 27, 2019 Order
Case No. 17-cv-07106-SK

considering [its] options with respect to that order" and further stated that if it decided to file a motion for leave to file a motion for reconsideration, it would file by February 28, 2020—a full nine weeks after the Court's December 27, 2019 order. By any measure, this is not reasonable diligence. At the February 3, 2020 status conference, ED was still undecided and opposed California's proposal that any reconsideration motion be filed no later than February 7. Then, in the February 13, 2020 Joint Proposal for Finalizing the Administrative Record (Dkt. 117), ED again stated that it was still "considering a potential motion for reconsideration." At California's insistence, ED agreed to file by February 18, if at all, and California specifically reserved its position that ED has not acted with reasonable diligence in bringing a motion for leave—filed more than seven weeks after the Court's December 27, 2019 order.

ED requests that the Court consider three reasons in support of its position that it acted with reasonable diligence: (i) counsel was out of the office over the holidays; (ii) counsel was busy with several litigation deadlines; and (iii) the asserted complexity of issues related to the December 14, 2017 "Menashi Memorandum"—a document specifically not addressed by the Court's December 27, 2019 order. (Dkt. 105 at 14 n.8 ("The Menashi Memorandum is not currently before the Court . . . .").) These reasons do not excuse ED's lengthy delay in bringing its motion. Although minor delay over a holiday, due to a busy schedule, or because of complexity might be reasonable under certain circumstances, this cannot plausibly explain ED's excessive delay here where the issues ED raises with the Court's December 27, 2019 order would have been immediately apparent to ED.[2]

Indeed, because privileges are at issue, ED was under a heightened duty to act promptly to avoid waiver. *See, e.g.*, *United States v. Neill*, 952 F. Supp. 834, 842 (D.D.C. 1997) ("[A]bsent the timely assertion of attorney-client privilege for each specific communication or document, no privilege will be recognized."). Despite this, ED did not timely object to entry of the documents

---

[2] It is for this reason that ED's attempt to distinguish on-point Northern District of California authority—all holding that a delay of more than seven weeks does not constitute reasonable diligence—is unpersuasive. *Cf., e.g.*, *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1302 (9th Cir. 2019) ("the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case").

3

Opposition to Motion for Leave to File Motion for Partial Reconsideration of the Court's December 27, 2019 Order
Case No. 17-cv-07106-SK

in the public Congressional Record on December 12, 2019. (ED apparently finally decided to object on February 14, 2020—via letter to Chairman Scott—more than two months after the documents were publicly entered, and on the last business day before filing its motion for leave.) ED never objected to California's December 13, 2019 filing of the Notice of Public Disclosure of Certain Documents Withheld from the Administrative Record, which attached and disclosed these same documents in the public docket of this Court. (Dkt. 104.) ED never objected when these same documents were the subject of widespread media coverage.

Accordingly, ED has not "specifically shown" reasonable diligence in bringing its motion for leave. Civil L.R. 7-9(b). For this reason alone, ED's motion should be denied.

## II. ED HAS NOT SPECIFICALLY SHOWN ANY MANIFEST FAILURE BY THE COURT

ED's motion for leave has another fatal deficiency. ED has not "specifically shown . . . a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order," which is ED's only claimed substantive basis for its motion for leave. Civil L.R. 7-9(b)(3).

To the contrary, the Court was exceptionally diligent and thorough in reaching its December 27, 2019 order:

- California moved to complete the record on July 31, 2019 (Dkt. 66), identifying eight specific documents improperly omitted from the administrative record;
- After full briefing, on October 11, 2019, the Court ordered ED to produce the eight documents for *in camera* review, specifically to consider "the possibility that, though relevant, the documents could be subject to privilege" (Dkt. 81 at 2), which ED did on October 25, 2019, along with a privilege log of the eight documents (Dkt. 90);
- On November 6, 2019, the Court invited additional briefing on certain privilege and waiver issues regarding the documents produced for *in camera* review (Dkt. 94), and on November 20, 2019, the parties each submitted letter briefs (Dkts. 97, 98);
- On December 13, 2019, California filed a notice of public disclosure of certain documents withheld from the administrative record (Dkt. 104);

4

- After two months of *in camera* review and two rounds of briefing, the Court issued its 14-page December 27, 2019 order granting in part and denying in part California's motion.

As noted by ED, the Court's December 27, 2019 order detailed the background of California's motion and the specific documents at issue. It evaluated whether ED considered the documents, whether the deliberative-process privilege applies, and whether other factors require inclusion of the documents in the administrative record by applying a multi-factor test. The Court also evaluated whether the attorney-client privilege or work-product doctrine apply, and if so, whether those protections were waived. The Court was thorough, applied the correct legal standard (which ED does not dispute), and appropriately considered all of the facts and arguments raised by the parties.

Accordingly, ED has not "specifically shown" any "manifest failure" by the Court to warrant reconsideration of the Court's December 27, 2019 order, even assuming ED acted with reasonable diligence—which ED plainly did not.

## III.   CONCLUSION

California renews its request for the Court's help in avoiding unnecessary delay in finalizing the administrative record in this case. This case has been pending for more than two years, and California's motion with respect to the four specific documents that the Court ordered must be included in the administrative record was filed on July 31, 2019, more than six months ago. (Dkt. 66.) ED has not "specifically shown" reasonable diligence in waiting more than seven weeks to seek leave to file a motion for partial reconsideration, nor has ED "specifically shown" any of the other requirements of Civil L.R. 7-9. Accordingly, the Court should deny ED's motion.

Dated: February 19, 2020                                  Respectfully submitted,

/s/ Bernard A. Eskandari
BERNARD A. ESKANDARI
Supervising Deputy Attorney General