UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | Case No. 17-cv-07106-SK <br><br> **ORDER DENYING LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION** <br><br> Regarding Docket No. 118 |

On July 31, 2019, Plaintiff moved to complete the administrative record in this case. (Dkt. 66.) In so doing, Plaintiff identified eight specific documents that it argued had been improperly omitted from the record. The parties submitted full briefing, and the Court heard oral argument on the motion on October 7, 2019. (Dkts. 72, 73, 76.) On October 11, 2019, the Court ordered Defendants to produce the eight documents identified in Plaintiff's motion for *in camera* review, for the express purpose of ascertaining whether ordering the addition of the documents to the administrative record would implicate any privilege issues. (Dkt. 80.) On October 25, 2019, Defendants submitted the eight documents to the Court, along with a privilege log. (Dkt. 90.) The Court invited further briefing on the privilege issues on November 6, 2019 (Dkt. 94), and the parties each submitted letter briefs on November 20, 2019 (Dkts. 97, 98). On December 13, 2019, Plaintiff filed a notice informing the Court that four of the eight documents at issue had been publicly disclosed and entered into the congressional record at a hearing held by the U.S. House Education and Labor Committee on December 12, 2019. (Dkt. 104.) On December 27, 2019, the Court issued an Order granting in part and denying in part Plaintiff's motion to complete the administrative record (the "December 27 Order"). (Dkt. 105.)

On February 18, 2020, more than seven weeks after the entry of the December 27 Order,

Defendants brought the instant motion for leave to file a motion for partial reconsideration of the December 27 Order. (Dkt. 118.) Plaintiff and Plaintiffs in the related case *Calvillo Manriquez, et al. v. DeVos, et al.*, 17-7210 oppose the motion. (Dkts. 122, 123.) For the reasons set forth below, the Court DENIES Defendants' motion.

**A.     Legal Standards.**

Civil Local Rule 7-9 provides that "any party may make a motion […] to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil Local Rule 7-9(b)." In turn, Civil Local Rule 7-9(b) requires that a party moving for leave "must specifically show reasonable diligence in bringing the motion" and either that "a material difference in fact or law exists from that which was presented to the Court," "the emergence of new material facts or a change of law" since the order was issued, or "a manifest failure by the Court to consider material facts or dispositive legal arguments."

"Reasonable diligence" in brining a motion for leave to file a motion for reconsideration requires the party seeking reconsideration to bring its motion expeditiously. *See, e.g.*, *York v. Bank of America*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (motion brought 35 days after order issued was "stale filing" submitted after "lengthy delay"); *Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.*, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015) ("waiting more than four weeks to file a motion for reconsideration" did not constitute reasonable diligence).

**B.     Discussion.**

Defendants did not move for reconsideration with reasonable diligence. Here, Defendants delayed for seven weeks before moving for reconsideration, and Defendants provide no legitimate reason for the delay. Defendants provide several excuses for their delay, including a busy schedule, intervening holidays, and complexity of the situation. (Dkt. 118.) None of these justify a delay of seven weeks.

Defendants argue that the Court failed to consider dispositive legal arguments here because Defendants did not have a separate opportunity to brief the legal issues underlying the December 27 Order. However, the facts show otherwise. The Court received two rounds of briefing on the administrative record issues. In one of those rounds, the Court specifically requested briefing on

five issues related to privilege. (Dkt. 94.) In ordering that the documents be produced for *in camera* review, Court allowed Defendants to submit the proposed documents along with a privilege log explaining why they believed each document was privileged.

For these reasons, the Court DENIES Defendants' motion for partial reconsideration.

**IT IS SO ORDERED**.

Dated: February 26, 2020



SALLIE KIM
United States Magistrate Judge

3